IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TERRY ROBERT JACKSON,

      Plaintiff,

    v.

SGT. PERRY; OFFICER HUTCHINGSON;
SGT. PRESTON; and OFFICER TOLER,

      Defendants.

CIVIL ACTION NO.: 5:17-cv-11

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Augusta State Medical Prison, submitted a Complaint in the above-captioned action brought pursuant to 42 U.S.C. § 1983 to contest conditions of his confinement at Coffee Correctional Facility in Nicholls, Georgia. (Doc. 1.) For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** this action and **DIRECT** the Clerk of Court to **CLOSE** this case. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND[1]

Plaintiff alleges that on November 21, 2014, Officer Hutchingson, Sgt. Preston, and Officer Toler placed him in the back of a transport van to travel to a location outside Coffee Correctional Facility. (Doc. 1, pp. 3–4.) Plaintiff contends that Officer Hutchingson drove the transport van over the legal speed limit and slammed on the breaks to avoid an accident. (Id. at p. 3.) Because the transport van did not have seatbelts, Plaintiff was thrown into the guard cage

---

[1] The Court construes the following facts from Plaintiff's Complaint as true, as it must at this stage.

of the van and became unconscious.  (Id.)  Plaintiff alleges this impact caused injuries to his

neck, head and back.  (Id.)

After this incident, Defendants transported Plaintiff back to Coffee Correctional Facility,

where he received pain relievers.  (Id. at p. 4.)  Plaintiff alleges he repeatedly complained about

his lack of adequate medical treatment until he received an MRI on December 29, 2014.  (Id.)

On January 5, 2015, Plaintiff filed a grievance that was denied "at the wardens [sic] level."  (Id.)

In addition to injunctive relief, Plaintiff seeks monetary compensation in the amount of one

million dollars.  (Id.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983.  Under 28

U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment

of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows

an inability to pay the filing fee and also includes a statement of the nature of the action which

shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must

dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be

granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the

Court must review a complaint in which a prisoner seeks redress from a governmental entity.

Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is

frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is

guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.  See

Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . .

a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.   Dismissal of Official Capacity Claims

Plaintiff cannot sustain Section 1983 claims for monetary relief against Defendants in their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983.  Id. at 71.  Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections.  Accordingly, the Eleventh Amendment immunizes Defendants from suit in their official capacity.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities.  Therefore, the Court should **DISMISS** all official capacity claims.

### II.   Dismissal of Claims Against Defendant Perry

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*.  Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged

violations.  Id. at 802.  "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct."  Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

It appears Plaintiff sues Defendant Perry, the Warden of Coffee Correctional Facility, based solely on his supervisory position.  Plaintiff makes no mention of Defendant Perry in the statement of his claim.  Plaintiff simply states his grievance was denied "at the wardens [sic] level."  (Doc. 1, p. 4.)  As set forth above, such supervisory positions are an insufficient basis for Section 1983 liability.  Plaintiff has not established that Defendant Perry had any personal involvement in the alleged violations of his constitutional rights or that there is a casual connection between his conduct and the violation.

Additional grounds also support dismissal of claims against Defendant Perry.  "An allegation that prison officials denied grievances does not 'support a finding of constitutional violations on the part of' those defendants."  Gresham v. Lewis, No. 6:15-CV-86, 2016 WL 164317, at *3 (S.D. Ga. Jan. 13, 2016) (citing Bennett v. Sec'y, Fla. Dep't of Corr., No. 4:12CV32-MP/CAS, 2012 WL 4760856, at *1 (N.D. Fla. Aug. 27, 2012), *report and recommendation adopted*, No. 4:12-CV-00032-MP-CAS, 2012 WL 4760797 (N.D. Fla. Oct. 2, 2012) (quoting Raske v. Dugger, 819 F. Supp. 1046, 1054 (M.D. Fla. 1993))); see also Ludy v. Nelson, No. 5:14-CV-73-MTT-CHW, 2014 WL 2003017, at *3 (M.D. Ga. Apr. 18, 2014), *report and recommendation adopted*, No. 5:14-CV-73 MTT, 2014 WL 2003096 (M.D. Ga. May

15, 2014) ("However, the mere fact that a prison official denies a grievance is insufficient to impose liability under § 1983.") (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009), and Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005)).  Thus, insofar as Plaintiff wishes to hold Defendant Perry liable based on the denial of Plaintiff's grievances, his claims still fail.  Plaintiff only alleges that his grievances were denied "at the wardens [sic] level." (Doc. 1, p. 4.)  This basis of liability is insufficient under Section 1983.

Therefore, because Plaintiff has failed to plausibly allege that Defendant Perry was personally involved in, or otherwise causally connected to, the alleged violations of his constitutional rights, the Court should **DISMISS** all claims against Defendant Perry.

### III.    Dismissal of Deliberate Indifference to Medical Needs Claims

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain."  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted).  Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights.  Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons.  Id.  Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities."  Id. at 347.  However, "[c]ontemporary standards of decency must be brought to bear in determining whether a punishment is cruel and unusual."  Bass v. Perrin, 170 F.3d 1312, 1316 (11th Cir. 1999).

In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

To prevail on a deliberate indifference claim, a prisoner must demonstrate "(1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. "The meaning of 'more than gross negligence' is not self-evident[.]" Id.

"A medical treatment claim [will] not lie against non-medical personnel unless they were personally involved in the denial of treatment or deliberately interfered with prison doctors'

treatment.  Prison officials are entitled to rely on the opinions, judgment and expertise of a prison medical staff to determine a medically necessary and appropriate cause of treatment for an inmate."  Baker v. Pavlakovic, No. 4:12-CV-03958-RDP, 2015 WL 4756295, at *7 (N.D. Ala. Aug. 11, 2015) (citing Williams v. Limestone Cty., 198 F. App'x 893, 897 (11th Cir. 2006)).  "[It] is widely held that non-medical prison personnel are generally entitled to rely on the expertise of the medical staff and are not required to second-guess the medical staff's judgment regarding an inmate's care."   Stallworth v. Graham, No. 4:14-CV-00134-RDP, 2015 WL 4756348, at *5 (N.D. Ala. Aug. 11, 2015) (citing Johnson v. Doughty, 433 F.3d 1001, 1011 (7th Cir. 2006) ("Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals[.]").  See also Kelly v. Ambroski, 97 F. Supp. 3d 1320, 1343 (N.D. Ala. 2015) ("[I]n the absence of a reason to believe, or actual knowledge, that medical staff is administering inadequate medical care, non-medical prison personnel are not chargeable with the Eighth Amendment scienter requirement of deliberate indifference[.]").

Here, Plaintiff has not named any prison medical personnel as defendants.  Additionally, he does not allege that Defendants Hutchingson, Preston, and Toler were personally involved in any decisions regarding his medical treatment.  Insofar as Plaintiff alleges that Defendants Hutchingson, Preston, and Toler were deliberately indifferent to his medical needs, Plaintiff's claims fail.  The officers were entitled to rely upon the medical staff's opinions and treatment of Plaintiff including the provision of pain relievers.   Plaintiff does not plausibly allege facts that would make it evident to a layperson that he was receiving inadequate or inappropriate treatment.  For all of these reasons, the Court should **DISMISS** Plaintiff's claims for deliberate indifference to his serious medical needs.

IV.     **Dismissal of Deliberate Indifference to Safety Claims**

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates.  "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'"  Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Cty., 400 F.3d 1313, 1319 (11th Cir. 2005)).  "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  Id. (quoting Purcell, 400 F.3d at 1319–20).

Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts.  However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights."  Smith, 368 F. App'x at 14.  In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence."  Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry.  Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004).  Under the objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate

9

indifference.'"  Miller v. King, 384 F.3d 1248, 1260–61 (11th Cir. 2004) (quoting Farmer, 511 U.S. at 837).  To prove deliberate indifference, the prisoner must show that prison officials "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue.  Id. (quoting Chandler, 379 F.3d at 1289–90).

Plaintiff fails to allege sufficient facts to state a claim that Defendants disregarded his safety with conduct exceeding gross negligence.  Plaintiff's Complaint attributes the lack of seatbelts to the Corrections Corporation of America, yet does not name this entity as a Defendant.  Furthermore, the Eleventh Circuit Court of Appeals has determined that transportation of inmates without seat belts, alone, does not rise to the level of a constitutional violation.  Smith v. Sec'y, Dept. of Corr., 252 F. App'x 301, 304 (11th Cir. 2007) ("Moreover, we cannot say that riding in a van equipped with the manufacturer's car seats, seat belts, and windows is a necessity, such that riding in a van without these characteristics is a deprivation of the minimal measure of life's necessities or is something that modern society would find intolerable.").  As for Defendant Hutchingson, driving at a rate over the speed limit may amount to negligence, but does not rise to the level of deliberate indifference to establish a constitutional violation.  See Grigsby v. Cotton, No. 08–CV–214, 2009 WL 890543, at *1 (S.D. Ga. Mar. 31, 2009) (dismissing Eighth Amendment claim, where inmate was transported in a bus that was not equipped with seat belts, and driver exceeded speed limit and collided with a truck stopped at a red light, causing inmate lower-back and neck injuries); Ingram v. Herrington, No. 4:06–CV–P65–M, 2007 WL 2815965, at *5 (W.D. Ky. Sep. 26, 2007) ( "the weight of authority from other circuits requires a finding that no Eighth Amendment violation occurs simply by transporting a prisoner unseatbelted in a prison vehicle," even where the plaintiff alleges that the driver exceeded the speed limit); Young v. Dep't of Corr., No. 04-10309, 2007 WL 2214520, at *6

(E.D. Mich. July 27, 2007) (citing  Farmer, 511 U.S. at 837) ("Refusing to seat belt a prisoner during transport and then exceeding the speed limit does not constitute an 'excessive risk to inmate health or safety.'").  Additionally, Plaintiff does not allege any personal involvement by the other named defendants that would rise to the level of deliberate indifference.  Thus, the Court should **DISMISS** Plaintiff's claims for deliberate indifference to safety.

## V.      Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2]   Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[2]  A certificate of appealability is not required in this Section 1983 action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** this action and **DIRECT** the Clerk of Court to **CLOSE** this case. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of

Court to serve a copy of this Report and Recommendation upon the Plaintiff.

       **SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 24th day of July, 2017.

 

 

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA